IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT ROCK ISLAND

| | | |
|---|---|---|
| CEDRIC J. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 14-4009 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER OF DEFENDANT TO FIRST AMENDED COMPLAINT

Defendant, the United States, by and through its counsel, Gerard A. Brost, Assistant United States Attorney for the Central District of Illinois, hereby answers the Plaintiff's Complaint in the captioned matter as follows. All allegations not specifically admitted are denied.

1. Smith is a citizen and resident of the State of Illinois.

Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.

2. Smith is seeking relief under the Federal Tort Claims Act, 28 U.S.C. § 2671 et. seq., for money damages as compensation for his personal injuries that were caused by the negligent acts and omissions of employees of the United States Government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to Smith in accordance with the laws of the State of Illinois.

Paragraph 2 is a legal statement, to which no response is required.

3. This Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1331 and § 1346(b).

Paragraph 3 is a legal statement, to which no response is required.

4. Venue of this action in the United States District Court for the Central District of Illinois is proper pursuant to 28 U.S.C. § 1391(b), because all or a substantial part of the acts and omissions forming the basis of this claim occurred within the Central District of Illinois.

Admit that plaintiff's complaint alleges acts or omissions that occurred within the Central District of Illinois. Otherwise, paragraph 4 is a legal statement, to which no response is required.

5. Smith had fully complied with the provisions of the Federal Tort Claims Act pursuant to 28 U.S.C. § 2671 et. seq. and with the provisions of the Prison Litigation Reform Act pursuant to 42 U.S.C. § 1997(e)(a), because Smith's claim was filed with the U.S. Marshals Service on or around June 18, 2013, and on or about August 19, 2013, the Office of the General Counsel notified Smith that his administrative tort claim was denied. Therefore, Smith has exhausted his administrative remedies pursuant to 28 U.S.C. § 2671 et. seq. and 42 U.S.C. § 1997(e)(a).

Admit that plaintiff filed a tort claims with the United States Marshals Service ("USMS") and the Office of General Counsel, USMS, denied the claim. The remainder of this paragraph contains legal statements to which no response is required.

6. On January 18, 2013, between 8:30 a.m. and 10:30 a.m., Smith was present at the United States District Court, Central District of Illinois, Rock Island Division.

Admit that according to USMS records, plaintiff was present at the United States District Courthouse for the Central District of Illinois, Rock Island Division, on the morning of January 18, 2013.

7. Smith was in the custody of the United States during that time period.

Admit.

8. During that time period, Smith was restrained by handcuffs and leg restraints.

Admit that it is the practice of the USMS at the Rock Island Courthouse to restrain USMS prisoners with handcuffs and leg restraints; however, defendant is without knowledge or information sufficient to form a belief as to whether Smith was so restrained during that time period.

9. On January 18, 2013, Smith was a 61-year-old man who had difficulty walking on his own.

Admit that according to USMS records, on January 18, 2013, plaintiff was a 61-year-old-man and deny the remaining allegations of this paragraph.

10. Smith's appointed federal defender, George Taseff ("Taseff"), requested to speak to Smith in the lock-up conference room at the aforementioned U.S. District Court that is used for conferences between inmates and their attorneys. A screen divided that room into two parts.

Admit that at some point on that date, plaintiff's appointed federal public defender, George Taseff, and plaintiff were in the lock-up conference room, and that a screen divides that room into two parts and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

11. Personnel of the United States took Smith to the lock-up conference room, and led him to a seat in front of the screen. The seat was connected to the wall above a raised pedestal. The seat could be swung away from the wall. The seat did not have any back support.

Admit that USMS personnel would have escorted plaintiff to the lock-up conference room. Admit that the seat in that particular room was connected to the wall; that the seat could be swung away from the wall; and that the seat did not have any back support.

12. Smith moved the seat away from the wall and sat on it.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

13. When Smith sat down, the seat tilted backwards, causing him to fall off the seat and strike his head on the floor.

Defendant denies the allegations of this paragraph.

14. Taseff immediately summoned a U.S. Marshal to assist Smith.

Admit that Mr. Taseff summoned USMS personnel to assist plaintiff and is without knowledge or information sufficient to form a belief as to truth of the remaining allegations.

15. Personnel of the United States then transported Smith back to the Rock Island County Jail, where he was held while he awaited trial.

Admit that plaintiff was transported back to the Rock Island County Jail for part of the time that he awaited trial and deny the remaining allegations of this paragraph.

16. During the afternoon of January 18, 2013, an officer at the Rock Island County Jail told Smith that Smith's face indicated symptoms of a stroke and that his speech was slurred.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

17. That officer took Smith to the jail's nurse, who took his blood pressure.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

18. Because Smith's blood pressure was high, jail personnel took him to the hospital.

Admit that according to USMS records, plaintiff was admitted to the hospital on January 18, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

19. At the hospital, the doctors advised Smith that their tests showed that he had suffered a stroke.

Admit that according to medical records within the custody of the USMS, doctors diagnosed that Smith had suffered a stroke at some point in time.

20. Smith's left side was significantly weakened as a result of said stroke.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

21. Smith was unable to walk on his own after the stroke. He was confined to a walker or wheelchair for several months.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22. Since January 18, 2013, Smith has suffered cognitive memory problems, slurred speech, severe headaches, and pain spasms in his left hip.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23. On, prior, and subsequent to January 18, 2013, Smith was in the custody of the United States.

Admit.

24. The United States, by and through its agents and employees, had a duty to exercise reasonable care for Smith's safety.

Admit.

25. The United States committed one or more of the following negligent acts or missions:

6

     a) Failed to provide Smith with reasonably safe premises;

     b) Failed to maintain the seat in a reasonably safe condition for use;

     c) Failed to properly supervise the transfer of Smith to the lock-up; and

     d) Failed to provide adequate personnel to properly transfer and assist Smith.

Deny that the United States committed any negligent acts or omissions with respect to any of the above.

26. As a direct and proximate result of one or more of the foregoing negligent acts or omissions, Smith sustained the following injuries:

     a) Stroke;

     b) Weakened left side;

     c) Inability to walk unassisted;

     d) Cognitive memory loss;

     e) Chronic severe headaches;

     f) Pain in left hip; and

     g) Other injuries that will be proven at trial.

Deny that the United States committed any negligent acts or omissions with respect to plaintiff's complaint.

27. As a further direct and proximate result of one or more of the foregoing negligent acts or omissions, Smith has incurred, and will incur, for an indefinite time in the future, medical expenses and obligations in amounts to be proven at trial.

Deny plaintiff incurred any damages or expenses based upon any negligent act or omission of the defendant or defendant's employees or agents.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted. The complaint does not state a valid cause of action against the defendant for several reasons, including but not limited to, the facts that: (1) there was no negligence by the defendant; (2) the defendant did not cause any harm to the plaintiff; (3) any negligence attributed to the defendant was not a proximate cause of the plaintiff's alleged injuries.

2. Plaintiff is limited in total damages to the amount set forth in the administrative claim. 28 U.S.C. § 2675(b).

3. Plaintiff is not entitled to a double recovery for medical expenses already paid by the United States.

4. Plaintiff is not entitled to a jury trial. 28 U.S.C. § 2402.

5. Plaintiff is not entitled to pre-judgment interest or punitive damages. 28 U.S.C. § 2674.

6. Plaintiff's injuries, damages and losses, if any, were solely and proximately caused by the negligence, carelessness, or recklessness of plaintiff.

7. Plaintiff's fault and negligence in causing this alleged accident must be compared against the fault and negligence, if any, of the United States, and plaintiff's recovery, if any, must be diminished in proportion to plaintiff's fault and negligence in causing the alleged accident.

8. Plaintiff's own fault is comparatively greater than any fault on the part of the United States and exceeds 51%, thus Plaintiff is barred under Illinois tort law from any recovery against Defendants.

9. Plaintiff's claims are barred to the extent that they are based on the exercise or performance of the failure to exercise or perform a discretionary function or duty. 28 U.S.C. § 2680.

10. Pursuant to 28 U.S.C. § 2412, Plaintiff cannot recover attorney's fees from Defendant.

11. To the extent that plaintiff failed to mitigate his damages, he is not entitled to recovery.

WHEREFORE, the defendant respectfully requests that this Court dismiss plaintiff's complaint, enter judgment in favor of the defendant and for any other and further relief this Court deems appropriate.

          Respectfully submitted:

          JAMES A. LEWIS
          *United States Attorney*

By:    S:/Gerard A. Brost
          Gerard A. Brost, IL Bar No. 3125997
          Assistant United States Attorney
          United States Attorney's Office
          211 Fulton Street, Suite 400
          Peoria, Illinois 61602
          Telephone:  (309) 671-7050
          Email:  Gerard.Brost@usdoj.gov

OF COUNSEL

Amanda Eller Choi
Office of General Counsel
United States Marshals Service
2604 Jefferson Davis Highway
Alexandria, VA 22301-1025

CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2014, counsel for defendant filed the foregoing *Answer of Defendant to First Amended Complaint* with the Clerk of the Court using the CM/ECF system, which will send electronic notification of the same to the plaintiff's attorneys:

Lee Norman Abrams
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL  60606
Email: Labrams@mayerbrown.Com

Mark R. Kadish
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL  60606
Email: Mkadish@mayerbrown.Com

Dated:  August 19, 2014                                             S:/Kelly Thompson
                                                                                                 Kelly Thompson, Paralegal