UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **CEDRIC SMITH,**<br><br>               Plaintiff,<br><br>     v.<br><br>**UNITED STATES OF AMERICA,**<br><br>               Defendant. | Case No. 14-cv-04009<br><br>Hon. Harold A. Baker |

## AGREED PROTECTIVE ORDER

The undersigned parties have agreed to be bound by the following limitations and restrictions on their use of certain discovery materials.  Having found good cause for the entry of this order, the Court hereby **ORDERS** as follows:

**1.     Inspection of Premises.**  Plaintiff's agent shall be given access to the attorney interview room at the federal courthouse for the Central District of Illinois in Rock Island, Illinois ("the Interview Room") for the purpose of conducting the inspection described in Plaintiff's First Request for Inspection of Premises and Objects.

**2.     Limitation on Scope of Inspection.**  The Interview Room will be the only area subject to photographing or video recording.  Other areas of U.S. Marshals Service property in which prisoners are transported or held, including but not limited to the prisoner holding cell and prisoner car park area, will not be photographed or subject to video recording.  The U.S. Marshal Service will arrange for the inspection to take place when there are no prisoners present and a Deputy U.S. Marshal is available.  If Defendant so chooses, a Deputy U.S. Marshall may operate the camera or camcorder Plaintiff intends to use to photograph or record the Interview Room.

However, the Deputy shall operate the camera or camcorder in the specific manner directed by Plaintiff's agent.

3. **Scope.**  All materials produced or created, and all information gathered, during the inspection of the Interview Room ("Inspection Materials") shall be subject to the terms and limitations of this order.

4. **Restrictions on Use and Distribution of the Inspection Materials.**

   (a) **General Protections.**  The Inspection Materials covered by this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose other than the prosecution of this litigation.

   (b) **Limited Party and Third-Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any Inspection Materials to any third person or entity except as set forth in the following subparagraphs (i)–(viii):

   > (i) **Counsel and Firm Personnel:**  Counsel for Plaintiff and any Mayer Brown LLP personnel assisting with this matter, including Mayer Brown LLP secretaries and legal assistants, may possess and review the Inspection Materials to the extent necessary to prosecute this litigation.
   >
   > (ii) **Plaintiff:**  Plaintiff may review and examine the Inspection Materials, but under no circumstances may Plaintiff personally possess, record, copy, or retain the said materials in any form.
   >
   > (iii) **The Court and Its Personnel:**  The Court and court personnel may possess and review the Inspection Materials if presented to the Court in connection with a party's motions, filings, or the trial of this case.
   >
   > (iv) **Court Reporters:**  Court reporters engaged for depositions or similar purposes related to this litigation may possess and copy the Inspection Materials.
   >
   > (v) **Contractors:**  Those persons specifically engaged for the limited purpose of making copies of materials or organizing or processing materials, including outside vendors hired to process electronically stored documents, may possess and copy the Inspection Materials.

>    **(vi)    Consultants and Experts:** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action may review, possess, and copy the Inspection Materials, provided, however, that they have completed the certification contained in <u>Attachment A</u> (Acknowledgment and Agreement to Be Bound).
>
>    **(vii)    Witnesses at Depositions:** During their depositions, witnesses in this case may review the Inspection Materials in preparation for and during their depositions. If necessary, witnesses may also review the Inspection Materials in order to certify the accuracy of their deposition testimony. Inspection Materials shall be separately bound by the court reporter and shall not be disclosed to any person other than counsel for the parties.
>
>    **(viii)    Others by Consent:** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

   **(c)    Control of Materials.** Counsel for the parties shall make all reasonable efforts to prevent unauthorized or inadvertent disclosure of the Inspection Materials. It is expressly agreed and understood that Plaintiff may not possess, retain, copy, or distribute any Inspection Materials.

   **5.    Filing of Inspection Materials.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file any Inspection Materials in connection with a motion, brief, or other submission to the Court must comply with Local Rule 5.10.

   **6.    Use of Inspection Materials at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Inspection Materials at a hearing or trial shall bring that issue to the Court's and the parties' attention by motion or in a pretrial memorandum without disclosing the contents of the Inspection Materials. The Court may then issue orders as necessary to govern the use of those materials or information at trial.

   **7.    Obligations on Conclusion of Litigation.**

    **(a)**    **Destruction or Return of Photographs, Videotapes, and Notations.**
Plaintiff's counsel must destroy, or return to the U.S. Marshall Service within 30 days of the completion of this case, all Inspection Materials. If the Inspection Materials are destroyed, Plaintiff's counsel must provide the United States Attorney's Office for the Central District of Illinois with a Certificate of Destruction in which the attorney certifies under oath that all those materials have been destroyed.

    **(b)**    **Retention of Work Product and One Set of Filed Documents.**
Notwithstanding the above requirements to return or destroy materials, counsel may retain: (1) any attorney work product, including an index that refers or relates to designated Inspection Materials; and (2) one complete set of all materials filed with the Court, including any materials filed under seal. Any retained Inspection Materials shall continue to be protected under this Order.

    **(c)**    **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

    **8.**    **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

    **9.**    **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order shall be construed as dispositive of the Inspection Materials' relevance or admissibility at trial.

**10. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

ENTERED:

DATE: July 13, 2015

/s/ Harold A. Baker
HON. HAROLD A. BAKER
United States District Court

AGREED:

/s/ *Gerard A. Brost*
Gerard A. Brost
Assistant United States Attorney
Central District of Illinois
One Technology Plaza
211 Fulton Street, Suite 400
Peoria, IL 61602

*Attorney for Defendant*

Date:   June 29, 2015

AGREED:

/s/ *Samuel P. Myler*
Marc R. Kadish
Lee N. Abrams
Samuel P. Myler
MAYER BROWN LLP
71 S. Wacker
Chicago, IL 60606

*Attorneys for Plaintiff*

Date:   June 29, 2015

5

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CEDRIC SMITH,**<br><br>             **Plaintiff,**<br><br>   v.<br><br>**UNITED STATES OF AMERICA,**<br><br>             **Defendant.** | Case No. 14-cv-04009<br><br>Hon. Harold A. Baker |

**ACKNOWLEDGMENT**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Central District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Inspection Materials in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Inspection Materials to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address:

 _____

_____

_____

Date: _____          _____
                                                   Signature